Debtor **BRUCE ANTHONY SNIDER**

United States Bankruptcy Court for the **MIDDLE DISTRICT OF TENNESSEE**
[Bankruptcy district]

☐ Check if this is an amended plan

Case number:

# Chapter 13 Plan

### Part 1: Notices

**To Debtor(s):** This form sets out options that are appropriate in some cases but not in others. The presence of an option does not indicate that the option is appropriate in your circumstances.

**To Creditors:** Your rights are affected by this plan. Your claim may be reduced, modified, or eliminated.

If you oppose the treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 5 days before the meeting of creditors or raise an objection on the record at the meeting of creditors. The Bankruptcy Court may confirm this plan without further notice if no timely objection to confirmation is made. In addition, a timely proof of claim must be filed before your claim will be paid under the plan.

**Debtor(s) must check one box on each line to state whether the plan includes each of the following items. If an item is not checked as "Included" or if both boxes are checked, the provision will not be effective if set out later in the plan.**

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in § 3.2, which may result in partial payment or no payment to the secured creditor. | ☑ Included | ☐ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 9. | ☑ Included | ☐ Not Included |

### Part 2: Plan Payments and Length of Plan

**2.1 Debtor(s) will make payments to the trustee as follows:**

| Payments made by | Amount of each payment | Frequency of payments | Duration of payments | Method of payment |
|---|---|---|---|---|
| ☑ Debtor 1<br>☐ Debtor 2 | $2,543.75 | monthly | 60 months | ☑ Debtor will make payment directly to trustee<br>☐ Debtor consents to payroll deduction from:<br>**DEBTOR WILL MAKE PAYMENTS DIRECTLY VIA THE TFSBILLPAY SYSTEM** |

Insert additional lines as needed.

**2.2 Income tax refunds.**
*Check one.*

☑ Debtor(s) will retain any income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐ Debtor(s) will treat income refunds as follows:

**2.3 Additional payments.**
*Check one.*

☑ **None.** If "None" is checked, the rest of § 2.3 need not be completed or reproduced.

**2.4 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.3 is $152,625.00.**

### Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default.** Check one.

| Debtor | **BRUCE ANTHONY SNIDER** | Case number |
|---|---|---|

☐ **None.** If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

☑ Installment payments on the secured claims listed below will be maintained, and any arrearage through the month of confirmation will be paid in full as stated below. Both the installment payments and the amounts to cure the arrearage will be disbursed by the trustee.

Amounts stated on a proof of claim filed in accordance with the Bankruptcy Rules control over any contrary amounts listed below as to the current installment payment and arrearage. After confirmation of the plan, the trustee shall adjust the installment payments below in accordance with any such proof of claim and any Notice of Mortgage Payment Change filed under Rule 3002.1. The trustee shall adjust the plan payment in Part 2 in accordance with any adjustment to an installment payment and shall file a notice of the adjustment and deliver a copy to the debtor, the debtor's attorney, the creditor, and the U.S. Trustee, but if an adjustment is less than $25 per month, the trustee shall have the discretion to adjust only the installment payment without adjusting the payments under Part 2. The trustee is further authorized to pay any postpetition fee, expense, or charge, notice of which is filed under Bankruptcy Rule 3002.1 and as to which no objection is raised, at the same disbursement level as the arrearage.

Confirmation of this Plan imposes on any claim holder listed below the obligation to:

- Apply arrearage payments received from the trustee only to such arrearages.
- Treat the obligation as current at confirmation such that future payments, if made pursuant to the plan, shall not be subject to late fees, penalties, or other charges.

If relief from the automatic stay is ordered as to any collateral listed below, all payments under this section to creditors secured by that collateral will cease.

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage, if any | Interest rate on arrearage (if applicable) | Monthly payment on arrearage, if any |
|---|---|---|---|---|---|
| **HOME POINT FINANCIAL CORP.** | **210 ARNETTY DRIVE Cottontown, TN 37048 Sumner County RESIDENCE** | **$1,121.32** | Prepetition: **$25,883.99** Gap payments: **$2,242.64** Last month in gap: **MARCH 2019** | **0.00%** | **CLASS 6** |

*Insert additional claims as needed.*

**3.2 Request for valuation of security and claim modification.** *Check one.*

☐ **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.
**The remainder of this paragraph will be effective only if the applicable box in § 1. is checked.**

☑ For each claim listed below, the debtor(s) request that the court determine the value of the creditor's interest in any property securing the claim based on the amount stated in the column headed Value securing claim. If this amount exceeds any allowed claim amount, the claim will be paid in full with interest at the rate stated below. If the amount is less than the allowed claim mount, the claim will be paid the full value securing the claim, with interest at the rate stated below.

The portion of any allowed claim that exceeds the value securing the claim will be treated as an unsecured claim under § 5.1. If the value securing a creditor's claim is listed below as zero or no value, the creditor's allowed claim will be treated entirely as an unsecured claim under § 5.1. The avoidance of any lien because it is not secured by any value must be addressed in Part 9. The mount of a creditor's total claim stated on a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary mount stated below.

The holder of any claim listed below as secured by any value will retain the lien until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

If relief from the automatic stay is ordered as to any collateral listed below, all payments under this section to creditors secured by that collateral will cease.

| Debtor | **BRUCE ANTHONY SNIDER** | | | Case number | | | |
|---|---|---|---|---|---|---|---|

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Value securing claim | Interest rate | Monthly payment |
|---|---|---|---|---|---|---|---|
| REPUBLIC FINANCE | $3,203.00 | RIDING MOWER, WEED EATER, MISCELLANEOUS HAND TOOLS AND TOOL BOX, TENT, BICYCLE, CHAIN SAW, TELEVISION, XBOX | $3,000.00 | $0.00 | $3,000.00 | 5.50% | $58.15 |
| TD AUTO FINANCE | $14,018.00 | 2009 FORD F-150 XLT 160,000 miles | $15,000.00 | $0.00 | $14,018.00 | 7.50% | $284.85 |

Insert additional claims as needed.

**3.3 Secured claims excluded from 11 U.S.C. § 506.** *Check one.*

    ☑ **None.** If "None" is checked, the rest of § 3.3 need not be completed or reproduced.

**3.4 Lien avoidance**. *Check one.*

    ☑ **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

**3.5 Surrender of collateral.** *Check one.*

    ☑ **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

| Part 4: | **Treatment of Priority Claims (including Attorney's Fees and Domestic Support Obligations)** |
|---|---|

**4.1 Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be **$4,250.00**. The remaining fees and any additional fees that may be awarded shall be paid through the trustee as specified below. Check one.

☐ The attorney for the debtor(s) shall receive a monthly payment of $.

☑ The attorney for the debtor(s) shall receive available funds.

**4.2 Domestic support obligations.**

    **(a) Pre- and postpetition domestic support obligations to be paid in full.** *Check one.*
    ☑ **None.** If "None" is checked, the rest of § 4.2(a) need not be completed or reproduced.

    **(b) Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.** *Check one.*
    ☑ **None.** If "None" is checked, the rest of § 4.2(b) need not be completed or reproduced.

**4.3 Other priority claims.** *Check one.*

    ☐ **None.** If "None" is checked, the rest of § 4.3 need not be completed or reproduced.
    ☑ The priority claims listed below will be paid in full through the trustee. Amounts stated on a proof of claim filed in accordance with the Bankruptcy Rules control over any contrary amounts listed below.

| Name of Creditor | Estimated amount of claim to be paid |
|---|---|
| INTERNAL REVENUE SERVICE | $17,525.00 |

*Insert additional claims as needed.*

APPENDIX D     Chapter 13 Plan     Page 3

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

Case 3:19-bk-00498   Doc 2   Filed 01/28/19   Entered 01/28/19 18:30:45   Desc Main Document   Page 3 of 6

Debtor  **BRUCE ANTHONY SNIDER**                        Case number

## Part 5: Treatment of Nonpriority Unsecured Claims and Postpetition Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. Check all that apply.

- [ ] The sum of $
- [✓] **20** % of the total amount of these claims.
- [ ] The funds remaining after disbursements have been made to all other creditors provided for in this plan.

**5.2 Interest on allowed nonpriority unsecured claims not separately classified.** *Check one.*

- [✓] **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

- [✓] **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

**5.4 Separately classified nonpriority unsecured claims.** *Check one*.

- [✓] **None.** If "None" is checked, the rest of § 5.4 need not be completed or reproduced.

**5.5 Postpetition claims allowed under 11 U.S.C. § 1305.**

Claims allowed under 11 U.S.C. § 1305 will be paid in full through the trustee.

## Part 6: Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

- [ ] **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.
- [✓] **Assumed contracts or leases.** Current installment payments will be disbursed by the trustee or directly by the debtor, as specified below. Arrearage payments will be paid in full through the trustee. Amounts stated on a proof of claim filed in accordance with the Bankruptcy Rules control over any contrary amounts listed below as to the installment payment and arrearage.

| Name of Creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid |
|---|---|---|---|
| **J & L SALES AND RENTALS** | **LEASE TO OWN CONTRACT FOR SHED** | **$167.68 PER MONTH TO A TOTAL OF $2,683** | 0.00<br>Disbursed by:<br>Trustee **X**<br>Debtor(s) |

## Part 7: Order of Distribution of Available Funds by Trustee

**7.1 The trustee will make monthly disbursements of available funds in the order specified. Check one.**
- [ ] **Regular order of distribution:**

a. Filing fees paid through the trustee

b. Current monthly payments on domestic support obligations

Debtor     **BRUCE ANTHONY SNIDER**                                    Case number

c. Other fixed monthly payments

If available funds in any month are not sufficient to disburse all fixed monthly payments due under the plan, the trustee will allocate available funds in the order specified below or pro rata if no order is specified. If available funds in any month are not sufficient to disburse any current installment payment due under § 3.1, the trustee will withhold the partial payment amount and treat the amount as available funds in the following month.

*Insert additional lines as needed.*

d. Disbursements without fixed monthly payments, except under §§ 5.1 and 5.5

The trustee will make these disbursements in the order specified below or pro rata if no order is specified.

*Insert additional lines as needed.*

e. Disbursements to nonpriority unsecured claims not separately classified (§ 5.1)

f. Disbursements to claims allowed under § 1305 (§ 5.5)

☑ **Alternative order of distribution:**
1. Continuing monthly mortgage payment to Home Point Financial Corp.
2. Continuing monthly secured vehicle payment to TD Auto Finance
3. Continuing monthly secured payment to Republic Finance
4. Continuing monthly lease to own payment to J & L Sales and Rentals
5. Attorney fees
6. All arrearages cured through the plan
7. Priority claim of the Internal Revenue Service
8. Attorney success incentive
9. General unsecured claims
10. Claims allowed pursuant to § 1305

*Insert additional lines as needed.*

### Part 8: Vesting of Property of the Estate

**8.1 Property of the estate will vest in the debtor(s) upon discharge or closing of the case, whichever occurs earlier, unless an alternative vesting date is selected below. Check the applicable box to select an alternative vesting date:**
   *Check the appliable box:*
   ☐ plan confirmation.
   ☐ other: _____

### Part 9: Nonstandard Plan Provisions

☐ **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

TD Auto Finance shall be paid an adequate protection payment of $10.00 monthly prior to confirmation of the plan.
Republic Finance shall be paid an adequate protection payment of $10.00 monthly prior to confirmation of the plan.
Claims allowed pursuant to § 1305 shall be paid in full, but subordinated to distributions to allowed unsecured claims.

### CERTIFICATE OF MAILING

**I hereby certify that on the 29th day of January 2019, I mailed a copy of the Chapter 13 plan via 1st Class USPS mail, postage prepaid to TD Auto Finance, ATTN: Officer, Manager or Agent, PO Box 16041, Lewiston, ME 04243 and Republic Finance, ATTN: Officer, Manager or Agent, 1140 Roma Avenue, Hammond, LA 70403.**

**2 Total Mailings - 1st Class USPS, postage prepaid**

### Part 10: Signatures:

APPENDIX D                                            Chapter 13 Plan                                            Page 5
Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                            Best Case Bankruptcy
           Case 3:19-bk-00498    Doc 2    Filed 01/28/19    Entered 01/28/19 18:30:45    Desc Main
                                         Document     Page 5 of 6

Debtor    **BRUCE ANTHONY SNIDER**                              Case number

X   **/s/ Steven R. Wilmoth**                         Date  **January 28, 2019**
    **Steven R. Wilmoth 025759**
Signature of Attorney for Debtor(s)

**By filing this document, the Attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in the form required under the Local Rules for the Bankruptcy Court for the Middle District of Tennessee, other than any nonstandard provisions included in Part 9.**